UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEAN BERNICE CORLIS, | ) |
| | ) |
|         *Plaintiff* | ) |
| | ) |
| v. | )   No. 2:15-cv-197-JHR |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
|         *Defendant* | ) |

***MEMORANDUM DECISION***[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the administrative law judge erred in evaluating her fibromyalgia, an opinion of treating physician Amy K. Etzweiler, M.D., her residual functional capacity ("RFC"), and her credibility. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 8) at 2-6. I conclude that the administrative law judge's analysis of the plaintiff's fibromyalgia is sufficiently flawed to warrant reversal of his decision and remand for further proceedings not inconsistent herewith.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 18, 2015, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 13.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through June 30, 2013, Finding 1, Record at 23; that she had a severe impairment of degenerative disc disease, Finding 3, *id.*; that she had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), could lift/carry 10 pounds frequently and 20 pounds occasionally, could sit for about six hours and stand/walk for about six hours in an eight-hour workday, would need to stretch for one to two minutes every hour, could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl, could never climb ladders, ropes, or scaffolds, should avoid even moderate exposure to hazards such as machinery and heights, should avoid irregular/sloping work surfaces, and might need to use a cane for extended ambulation, Finding 5, *id.* at 25; that, considering her age (41 years old, defined as a younger individual, on her alleged disability onset date, July 1, 2011), education (high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 29; and that she, therefore, had not been disabled from July 1, 2011, through the date of the decision, November 29, 2013, Finding 11, *id.* at 30. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

At Step 2, the administrative law judge found that "[t]he [plaintiff's] medically determinable physical impairments of fibromyalgia and migraines do not cause more than minimal limitation in her ability to perform basic work activities and are therefore non-severe." Record at 24. He did not explain that finding. *See id*.

As the plaintiff observes, *see* Statement of Errors at 2, in *Johnson v. Astrue*, 597 F.3d 409 (1st Cir. 2009), the First Circuit stated:

> [O]nce the ALJ [administrative law judge] accepted the diagnosis of fibromyalgia, she also *had no choice* but to conclude that the claimant suffered from the symptoms usually associated with such condition, unless there was substantial evidence in the record to support a finding that claimant did not endure a particular symptom or symptoms. The primary symptom of fibromyalgia, of course, is chronic widespread pain, and the Commissioner points to no instances in which any of claimant's physicians ever discredited her complaints of such pain.

*Johnson*, 597 F.3d at 414 (citation and internal punctuation omitted) (emphasis in original).

The plaintiff correctly asserts that the administrative law judge cited no evidence, let alone substantial evidence, to support a finding that she did not have the symptoms usually associated with fibromyalgia, and pointed to no instance in which any treating physician ever discredited her complaints. *See* Statement of Errors at 3.

In addition, at oral argument, counsel for the commissioner conceded that the administrative law judge's decision was inconsistent in that, on the one hand, he found a medically determinable impairment of fibromyalgia and, on the other, expressed doubt that the condition existed. *See* Record at 28 (stating, in context of discrediting Etzweiler RFC opinion, that "[t]here are few examination findings to support her diagnosis of fibromyalgia, 1st assessed by her in 2009, or to provide any indication of an objective basis for the [plaintiff's] back pain.").

However, counsel contended that any error was harmless because (i) the record contains virtually no evidence of a medically determinable impairment of fibromyalgia, fibromyalgia-related (*versus* back-related) complaints by the plaintiff, or treatment for fibromyalgia, and, (ii) unlike in *Johnson*, the administrative law judge found a nonsevere, rather than severe, fibromyalgia impairment and relied on the opinion of an agency nonexamining consultant who

had taken the plaintiff's fibromyalgia into account, deeming it nonsevere. *See also* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 9) at 1-8.

While courts overlook an "arguable deficiency in opinion-writing technique" if not outcome-determinative, *see Bryant ex rel. Bryant v. Apfel,* 141 F.3d 1249, 1252 (8th Cir. 1998), reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the administrative law judge reached a supportable result *via* an acceptable analytical pathway, *see, e.g., Nguyen v. Chater,* 172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted).

That is the case here. *Johnson* does not require that an administrative law judge find a medically determinable fibromyalgia impairment disabling or even severe; however, it does require that he or she accept that the claimant suffers from the usual symptom associated with fibromyalgia – chronic widespread pain – unless there is substantial evidence to support a finding otherwise. *See, e.g., McHugh v. Astrue*, Civil No. 09-104-BW, 2009 WL 5218059, at *5 (D. Me. Dec. 30, 2009) (rec. dec., *aff'd* Jan. 20, 2010) (upholding determination that claimant had nonsevere fibromyalgia condition when, consistent with *Johnson*, administrative law judge identified substantial evidence of record supporting that finding).

Here, the analytical pathway by which the administrative law judge reached the conclusion that the plaintiff had a medically determinable but nonsevere impairment of fibromyalgia is unexplained. Indeed, in the body of his decision, he indicated, contrary to his Step 2 finding, that he considered the plaintiff's fibromyalgia not to be a medically determinable impairment. *See*

Record at 28.  The absence of any discussion of this material issue, in itself, warrants reversal and remand.

In the alternative, I do not find the commissioner's harmless error arguments persuasive.

First, to the extent that the commissioner attempts to rectify the administrative law judge's omission to explain how the evidence supports a finding that the plaintiff's fibromyalgia is nonsevere, *see* Opposition at 1-7, affirming on that basis would run afoul of *SEC v. Chenery Corp.,* 332 U.S. 194 (1947), pursuant to which "a reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker[,]" *Day v. Astrue,* No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10 (D. Me. Dec. 30, 2012) (rec. dec., *aff'd,* Jan. 18, 2013) (citation and internal quotation marks omitted).

Second, I am unpersuaded that this case is materially distinguishable from *Johnson* on the bases cited by the commissioner.  As the plaintiff's counsel observed at oral argument, the *Johnson* analysis applies when an administrative law judge accepts a diagnosis of fibromyalgia.  *See Johnson*, 597 F.3d at 414.  Counsel for the commissioner suggested that the administrative law judge's finding of nonseverity nonetheless was material because, even in fibromyalgia cases and even in the face of *Johnson*, this court has applied its usual principle that "an error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim[,]" *Bolduc v. Astrue*, Civil No. 09-220-B-W, 2010 WL 276280, at *4 n.3 (D. Me. Jan. 19, 2010).  *See also* Opposition at 7-8.  For this proposition, the commissioner cited *Knudsen v. Colvin*, No. 2:14-cv-155-JHR, 2015 WL 1505689 (D. Me. Apr. 1, 2015), and *Archer v. Colvin*, Civil No. 1:13-cv-

00018-NT, 2014 WL 457641 (D. Me. Feb. 4, 2014).  *See id*. at 7.  She contended that, here, the plaintiff has failed to make that showing.  *See id*. at 8.

Neither *Knudsen* nor *Archer*, however, concerned the Step 2 error at issue in *Bolduc* – a failure to find a medically determinable impairment severe.  *See Bolduc*, 2010 WL 276280, at *4 n.3.  In *Knudsen*, the administrative law judge found a severe fibromyalgia impairment, *see Knudsen*, 2015 WL 1505689, at *1, *4, while, in *Archer*, the administrative law judge found no medically determinable fibromyalgia impairment, *see Archer*, 2014 WL 457641, at *5.  In addition, neither *Knudsen* nor *Archer* addressed a situation in which an administrative law judge had failed to identify any evidence in support of a finding that, despite a claimant's diagnosis of fibromyalgia, he or she did not suffer the usual fibromyalgia symptoms.  *See id*.

In *Knudsen*, the court rejected the claimant's argument that *Johnson* required the administrative law judge, once he found a severe impairment of fibromyalgia, simply to accept her testimony concerning the intensity of her fibromyalgia symptoms.  *See Knudsen*, 2015 WL 1505689, at *4.  It added, "While it is certainly error to discount alleged fibromyalgia-related limitations on the basis of a lack of objective findings, the [claimant] has not shown that this was done in this case, nor that it was not at most a harmless error."  *Id*. (citation omitted).  In that context, it observed that the claimant had "not identified any specific limitations stemming from her fibromyalgia that the administrative law judge was required to include in [her] RFC" and that, "[w]ithout more, this court can only conclude that any error in this regard . . . was harmless."  *Id*. at *5.

In *Archer*, the court rejected the claimant's argument that the administrative law judge was required to find that she suffered from a severe impairment of fibromyalgia simply because a

rheumatologist had made that diagnosis.  *See Archer*, 2014 WL 457641, at *5.  *See id*.  The court added, in *dictum*:

> Even if the diagnosis had been definitive, however, the [claimant] does not explain how the mere diagnosis of fibromyalgia would require a remand in her case; for example, she does not identify the work-related physical limitations, necessarily implied by the diagnosis alone, that are not included in the RFC assigned to her by the administrative law judge, supported by citations to authority.

*Id*.

*Johnson* is clear that, unless there is substantial evidence to the contrary, an administrative law judge *must* accept that a claimant with a medically determinable impairment of fibromyalgia suffers the usual symptom of that condition – chronic widespread pain.  *See Johnson*, 597 F.3d at 414.  I do not see how an impairment reasonably can be deemed nonsevere if it causes chronic widespread pain.  *See, e.g*., *McDonald*, 795 F.2d at 1124 (When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered.") (citation and internal quotation marks omitted).

*Johnson*, thus, demands that the record contain substantial evidence that a medically determinable impairment of fibromyalgia is nonsevere.  It follows that an administrative law judge must explain why he or she believes that to be the case.  No such explanation was offered here.  As concerns a finding that a medically determinable impairment of fibromyalgia is nonsevere, application of the *Bolduc* principle, which presumes that an error at Step 2 is "considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily change the outcome of the plaintiff's claim[,]" *Bolduc*, 2010 WL 276280, at *4 n.3, is

8

in tension with *Johnson*. The question presented in fibromyalgia cases, instead, is whether an administrative law judge has supportably determined that a medically determinable impairment of fibromyalgia is nonsevere.

The commissioner, finally, seeks to distinguish *Johnson* on the basis that the administrative law judge gave great weight to the RFC opinion of agency nonexamining consultant Lawrence P. Johnson, M.D., who found a medically determinable but nonsevere condition of fibromyalgia and explicitly attributed the need for postural limitations to fibromyalgia as well as degenerative disc disease. *See* Opposition at 8, 10-11; Record at 28, 86-89. The commissioner contends that, in contrast, *Johnson* held that the RFC opinions of nonexamining consultants could not constitute substantial evidence in support of the administrative law judge's RFC determination when they did not consider, or misunderstood, the condition. *See* Opposition at 8; *Johnson*, 597 F.3d at 412-13.

I find no material distinction. In *Johnson*, the First Circuit held that the opinion of one nonexamining consultant could not serve as substantial evidence of the claimant's RFC because he did not list the claimant's fibromyalgia as a diagnosis, and the opinion of the other also could not so serve because he misunderstood the nature of fibromyalgia, relying solely on a lack of objective findings, and disregarded a treating source opinion that was in the record at the time of his assessment. *See id.* The court noted, "[W]here a claimant's RFC depends in large part on the functional implications of his or her *subjective* symptoms, a treating physician's on-the-spot examination and observation of claimant might ordinarily be thought important[.]" *Id.* at 413 (citation and internal quotation marks omitted) (emphasis in original).

In this case, Dr. Johnson did not explain why he deemed the plaintiff's fibromyalgia medically determinable but nonsevere, and he did not have the benefit of review of the later-

9

submitted Etzweiler opinion, in which Dr. Etzweiler attributed the myriad limitations that she assessed in part to the plaintiff's fibromyalgia. *See* Record at 85-89, 388-91. While, in this case, the administrative law judge declined to adopt the Etzweiler opinion, it is not clear that he supportably did so.

As the plaintiff suggests, *see* Statement of Errors at 4-6, the administrative law judge's mishandling of her fibromyalgia impairment at Step 2 calls into question the validity of his conclusions regarding her credibility and her RFC, including his weighing of medical opinion evidence regarding her RFC.[2] Remand is required to rectify the Step 2 error and undertake fresh analysis from that point forward.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED**, and the case is **REMANDED** for further proceedings consistent herewith.

Dated this 14th day of January, 2016.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] In this regard, it is troubling that, in evaluating the plaintiff's credibility and the Etzweiler RFC opinion, the administrative law judge appears to have focused on a lack of objective medical evidence. *See* Record at 26 ("Objective evidence of record supports a severe impairment of degenerative disc disease but does not support the degree of pain and dysfunction alleged by the [plaintiff]."); *id*. at 28 ("There are few examination findings to support [Dr. Etzweiler's] diagnosis of fibromyalgia . . . or to provide any indication of an objective basis for the [plaintiff's] back pain."); *see also Johnson*, 597 F.3d at 412 ("[S]ince trigger points *are* the only 'objective' signs of fibromyalgia, the ALJ effectively was requiring objective evidence beyond the clinical findings necessary for a diagnosis of fibromyalgia under established medical guidelines, and this, we think, was error.") (citation and internal punctuation omitted) (emphasis in original).